# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL BURNINGHAM,<br><br>*Plaintiff*,<br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>*Defendant*. | **MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>Case No. 2:17-cv-00578-JNP<br><br>District Judge Jill N. Parrish |

Before the Court is Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 28). For the reasons set forth below, the Court converts the motion to dismiss into a motion for summary judgment and dismisses without prejudice Plaintiff's amended complaint.

## I.   BACKGROUND

Plaintiff Samuel Burningham has severe mobility issues as a result of a multiple sclerosis. He is unable to walk and relies primarily on a wheelchair for mobility. On June 13, 2017, Burningham filed a complaint against Costco Wholesale Corporation, seeking relief under Title III of the Americans with Disabilities Act of 1990 (the "ADA").

Burningham claimed that he was prevented from the full and equal enjoyment of the goods and services offered at Costco's warehouse located in Spanish Fork, Utah (the "Spanish Fork warehouse"). Compl. ¶ 34. Burninghman identified two violations of the ADA that deprived him of equal access to the Spanish Fork warehouse:

1. Failure to locate mirrors over lavatories and countertops with the bottom edge of the reflecting surface no greater than 40 inches (1015 mm) above the ground as required by [Guideline] 603.3; and

2. Failure to insulate or otherwise configure water supply and drain pipes under sinks to protect against contract as required by [Guideline] 606.5.

Compl. ¶ 34. Burningham withdrew the second allegation after Costco provided him with evidence that it was factually incorrect. *See* Am. Compl. ¶ 34. Consequently, Burningham's only remaining alleged violation of the ADA is based on Costco's failure to locate mirrors over lavatories and countertops with the bottom edge no greater than 40 inches above the ground. Am. Compl. ¶ 34.

Prior to this lawsuit, Costco was not aware that its mirrors violated the ADA. Fackrell Decl. ¶ 3. After Burningham filed suit, Costco permanently installed full-length mirrors in the men's restroom at the Spanish Fork warehouse. Fackrell Decl. ¶ 5. Costco also installed full-length mirrors in the women's restroom and its unisex toilet room. Fackrell Decl. ¶¶ 6-7. Costco contends that the case is now moot because it has remedied the only alleged violation.

## II. DISCUSSION

### A. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Motions to dismiss under Rule 12(b)(1) take two forms: facial and factual. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Costco's motion constitutes a factual challenge to subject matter jurisdiction. On a factual challenge, the defendant goes beyond the allegations in the complaint to "challenge the facts upon which subject matter jurisdiction depends." *Id.* at 1003. District courts "may not presume the truthfulness of the complaint's factual allegations," and they have "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

2

Despite this discretion, district courts must convert Rule 12(b)(1) motions into Rule 12(b)(6) motions to dismiss or Rule 56 motions for summary judgment "when resolution of the jurisdictional question is intertwined with the merits of the case." *Id.* The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction depends on the same statute that provides the substantive claims in the case. *Id.*

Normally, district courts must provide notice to the non-movant before converting a Rule 12(b)(1) motion into a motion for summary judgment. *Wheeler v. Hurdman*, 825 F.2d 257, 259-60 (10th Cir. 1987). This ensures that there is no unfair surprise. *Id.* at 260. But a district court need not provide notice when the non-movant "submits material beyond the pleadings in support of or opposing a motion to dismiss." *Id.*

### B. Costco's Motion Is Converted Into a Motion for Summary Judgment

Costco contends that the case is moot because it has voluntarily remedied the only alleged ADA violation. Specifically, Costco claims that it has permanently installed a full-length mirror in the men's restroom so that it is no longer in violation of the ADA. In support of this claim, Costco attached the declaration of Derek Fackrell, the assistant general manager of the Spanish Fork warehouse. Costco attached photos to the declaration showing that a full-length mirror has been installed in the men's restroom. Fackrell Decl. ¶ 5.

Accordingly, the Court must convert Costco's Rule 12(b)(1) motion into a motion for summary judgment because resolution of the jurisdictional question is intertwined with the merits of the case. That is, the Court must determine whether Costco is in compliance with the ADA to determine whether the case has been rendered moot by Costco's actions. Thus, the Court converts the Rule 12(b)(1) motion to dismiss into a motion for summary judgment.

The Court need not provide Burningham notice that it has converted the motion into a motion for summary judgment because he submitted material beyond the pleadings to oppose

3

Costco's motion. *See* ECF No. 30-1. In fact, Burningham even asks the Court to convert the motion to dismiss into a motion for summary judgment.

Burningham also asks for an "opportunity to discover material pertinent to [Costco's motion]." But the time for this discovery has passed. Burningham was free to visit the Spanish Fork warehouse to inspect the full-length mirror. He chose not to. There is no reason to grant Burningham an opportunity for discovery when he already had the chance to discover whether Costco had remedied the past violation. Accordingly, the Court denies Burningham's request for additional discovery.[1]

C. **THE COURT LACKS SUBJECT MATTER JURISDICTION**

Article III of the Constitution limits the jurisdiction of federal courts to those matters that present an actual case or controversy. *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). When subsequent events render the dispute before a federal court moot, there is no justiciable controversy and the matter must be dismissed. *Id.* at 172. And when a party seeks only equitable relief, as is the case here, "[p]ast exposure to illegal conduct does not in itself show a present

---

[1] Burningham has also failed to make an appropriate request for discovery under Rule 56(d). Under that rule, a non-movant may request additional time for discovery if the non-movant shows by affidavit or declaration that he or she cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). The affidavit or declaration must: (1) identify the probable facts not available, (2) state why those facts cannot be presented currently, (3) state the steps taken to obtain those facts, and (4) state how additional time will permit the non-movant to obtain the facts and rebut the motion for summary judgment. *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016). As such, "it is insufficient for the party opposing the motion to merely assert that additional discovery is required to demonstrate a factual dispute." *Id.* (citation omitted). In short, requests for Rule 56(d) relief "will not be granted if made in passing mention in a brief." *Ford v. H Unit Five, Inc.*, No. 2:16-cv-780-TC, 2017 WL 4271433, at *6 (D. Utah Sept. 25, 2017). Burningham submitted no such affidavit or declaration. He only mentions in passing that he should be given the opportunity for additional discovery. Tellingly, Buringham does not identify the facts that he hopes to discover or explain why he could not obtain such evidence before filing his opposition. Consequently, the Court denies Burningham's request for additional discovery on these grounds as well.

case or controversy . . . if unaccompanied by any continuing, present adverse effects. *Beattie v. United States*, 949 F.2d 1092, 1094 (10th Cir. 1991) (citation omitted).

As a general rule, voluntary cessation of unlawful conduct does not render a case moot. *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979). But a defendant's voluntary actions do render a case moot if the court determines: (1) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation; and (2) there is no reasonable expectation that the alleged violation will recur. *Id.*

Here, Costco has satisfied the first prong of the mootness analysis because it has remedied the only alleged violation. Under the ADA, there is no requirement to provide mirrors in restrooms. But "[w]here mirrors are provided, at least one shall comply with [Guideline] 603.3." 36 C.F.R. Pt. 1191, App'x C, Guideline 213.3.5. Guideline 603.3 provides:

> Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

Pt. 1191, App'x D, Guideline 603.3.

Costco has remedied the only alleged violation by installing a full-length mirror in the men's restroom. The mirror is not located above a lavatory or countertop, and the bottom edge of the reflecting surface is less than 35 inches above the ground. Fackrell Decl. ¶ 5. Thus, one of the mirrors in the men's restroom complies with Guideline 603.3. Costco has removed the sole "barrier" that denied Burningham equal access to the Spanish Fork warehouse. Accordingly, the Court holds that the first prong of the mootness analysis is satisfied because Costco has remedied the only alleged violation, thereby ensuring that Burningham (and those similarly situated) will enjoy equal access to the Spanish Fork warehouse. *Cf. Balt. Neighborhoods, Inc. v. LOB, Inc.*, 92

F. Supp. 2d 456, 462 (D. Md. 2000) (effects of ADA violations were eradicated because the sales office that violated the ADA was closed and the plaintiffs could not recover damages or civil penalties under the ADA).

The Court now turns to the question of whether there is no reasonable expectation that the alleged violation will recur. Costco was unaware that its mirrors were not in compliance with the ADA prior to this lawsuit—this was an isolated, inadvertent violation as opposed to a deliberate one. Fackrell Decl. ¶ 3. Costco admits that it mirrors were not in compliance with the ADA, but it promptly took action to remedy the violation once it was made aware of it. Fackrell Decl. ¶ 5. Fackrell, in his declaration, states that the full-length mirror was "*permanently* affixed" to the wall in the men's restroom. Fackrell Decl. ¶ 5 (emphasis added).

Based on this, the Court is convinced that there is no reasonable expectation that the alleged violation will recur. The Court sees no reason why Costco would expend the time and resources to *remove* a mirror that has been *permanently* affixed to the wall of the men's restroom. Indeed, Costco installed the mirror, and removing it would simply expose Costco to the very type of liability that it seeks to avoid. Notably, Burningham offers no reason as to why Costco would willingly violate the ADA after bringing itself into compliance.

Buringham's argument that he has standing to sue for yet-undiscovered barriers at Costco is without merit. Burningham identified a single barrier in his amended complaint. That barrier has been removed. Burningham is more than welcome to return to the Spanish Fork warehouse to investigate whether Costco complies with other provisions of the ADA, but he will need to file a subsequent lawsuit if he discovers further violations.

Burningham's argument that the Court should award him nominal damages to render his claim not moot is likewise without merit. Buringham did not seek nominal damages in his

6

amended complaint. And even if he did, he has not cited a single case in which a court held that Congress, by limiting the relief available to equitable relief, intended to allow for nominal damages under the ADA. *See* 42 U.S.C. § 12188(a)(2).

Finally, Buringham's argument that the case is not moot because Costco does not have a policy to prevent or remove barriers also fails. Costco is required to build its facilities to comply with the ADA—there is no requirement that it have a policy in place to prevent or remove barriers. In short, if Costco complies with the requirements of the ADA, then it is irrelevant whether it has a policy on prevention or removal of architectural barriers.

Accordingly, the Court concludes that Costco has remedied the past violation and now shows that there is no reasonable expectation that the violation will recur. Burningham requests only equitable relief, and there is no evidence that he suffers from any present adverse effect as a result of the past violation. The case is now moot, and the Court therefore dismisses it without prejudice on the grounds that the Court lacks subject matter jurisdiction.

### III. CONCLUSION AND ORDER

For the reasons set forth above,

1. Defendant's Rule12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction is **CONVERTED** into a Motion for Summary Judgment Under Rule 56;

2. Plaintiff's request for additional discovery is **DENIED**;

3. Plaintiff's request for an evidentiary hearing is **DENIED**;

4. Defendant's now-converted Motion for Summary Judgment is **GRANTED**;

5. Plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE** on the grounds that the Court lacks subject matter jurisdiction; and

6. The clerk of the court is directed to close the case.

Signed December 19, 2017

                        BY THE COURT

                        _____
                        Jill N. Parrish
                        United States District Court Judge